United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50338
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR I. VILLA, III,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-579-2
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Appellant Hector I. Villa, III, challenges his sentence for conspiracy to commit mail fraud under 18 U.S.C. §§ 371 & 1341. First, he asserts that the district court abused its discretion in departing upward from the guideline sentencing range because it based the departure upon the same factors it used to calculate the sentencing range. We find no abuse of discretion because § 5K2.0(a)(3) of the Guidelines allows a departure based upon factors that were used to determine the guideline range when, as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

here, such factors were present to a degree "substantially in excess" of that which is normally involved in the type of offense. In addition, the reasons for the district court's departure (1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2); (2) are authorized by 18 U.S.C. § 3553(b); and (3) are justified by the facts of the case. See United States v. Saldano, 427 F.3d 298, 310 (5th Cir.), cert. denied, 126 S. Ct. 1097 (2005).

Next Villa asserts that, because the district court erred in sentencing him above the guideline range, his sentence is presumptively unreasonable. As stated above, the district court did not err in departing from the sentencing range.

Finally, Villa asserts for the first time on appeal that the district court failed to provide advance notice of two of the seven reasons it relied upon in departing from the guideline range. We find no plain error because Villa has not established that the omission affected his substantial rights. The district court wrote that each of the reasons was adequate to support its decision to depart from the Guidelines. As such, Villa cannot establish that a lack of notice on two of the reasons affected the outcome of the proceeding. See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

The judgment of the district court is AFFIRMED.